UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: | CASE NO. |
| **KRISTOFER MICHAEL SEUZENEAU** | **10-13298** |
| **ADRIENNE ELLEN SEUZENEAU** | **SECTION A** |
| DEBTORS | CHAPTER 7 |
| **CORINNE ZIMMERMAN** | ADVERSARY NO. |
| PLAINTIFF | **10-1133** |
| VERSUS | |
| **KRISTOFER MICHAEL SEUZENEAU, ET AL** | |
| DEFENDANTS | |

## MEMORANDUM OPINION

On December 14, 2011, the Court held the trial in the above captioned matter. By the Court's Order dated September 22, 2011 [P-54], the parties were to file a Pretrial Order, submit bench books of exhibits, and witness lists by 5:00 p.m. on December 9, 2011. Because the parties failed to file the Pretrial Order and submit bench books as ordered, no exhibits were admitted at trial and the only witnesses allowed were the parties. The defendant, Kristofer Michael Seuzeneau,[1] did not appear at trial. At the completion of trial, the Court took the matter under advisement.

**I. Jurisdiction**

This Court has jurisdiction over the issues presented pursuant to 28 U.S.C. § 157.

---

[1] By the Court's Order dated September 15, 2011 [P-52], the case against Adrienne Ellen Seuzeneau was dismissed.

**II. Facts**

Ms. Zimmerman is the owner of a one (1) bedroom and one and a half (1½) bath home which sustained substantial damage as a result of Hurricane Katrina, rendering it uninhabitable.

In 2008, Ms. Zimmerman entered into a contract with Mr. Seuzeneau to repair her home. The contract was for a price of approximately $100,000, and included construction of a garage.

Before Mr. Seuzeneau evacuated in anticipation of Hurricane Gustav's landfall, he represented to Ms. Zimmerman that the repairs to her home were almost completed and that the he needed final payment. Ms. Zimmerman gave Mr. Seuzeneau final payment under the contract.

After full payment was made, Ms. Zimmerman discovered that the repairs were not completed and the house was still unhabitable. The house lacked working bathrooms, electricity, water access, or a finished kitchen. Moldings, interior doors, kitchen cabinets, toilets, a shower, and sinks were on site but not installed. Appliances (refrigerator, stove, stove vent), light fixtures, central air and heating, countertops, closet shelving, mirrors, gutters, down spouts, the driveway, walkway, and fence, were unfinished and the home lacked attic insulation and access. Drywall was installed, but had not been painted. Wood floors had been installed in a part of the house, but they buckled and had to be replaced. Flooring was missing altogether in the kitchen, bedroom, and baths. Finally, the garage had not been constructed.

After trying, to no avail, to contact to Mr. Seuzeneau, Ms. Zimmerman hired other contractors to complete the repairs. Ms. Zimmerman spent $40,000, to satisfy costs of completion over and above that paid to Mr. Seuzeneau.[2]

---

[2] Ms. Zimmerman contends that not all of the repairs are complete. However, she failed to prove any additional costs of completion.

On September 9, 2010, Mr. Seuzeneau filed a voluntary petition for relief under chapter 7 of the United States Bankruptcy Code. Ms. Zimmerman was scheduled as an unsecured nonpriority claimant.

The deadline for parties to file proofs of claim was January 3, 2011.[3] Ms. Zimmerman did not file a formal proof of claim.

On December 12, 2010, Ms. Zimmerman filed an adversary Complaint[4] objecting to the dischargeability of the amounts owed her pursuant to sections 523(a)(2)(A), (a)(4), and (a)(6) of the Bankruptcy Code.

### III. Law and Analysis

#### A. Informal Proof of Claim

Ms. Zimmerman filed a Complaint seeking to exempt from discharge the amounts due to her, but she did not file a formal proof of claim. However, her adversary Complaint was filed prior to the deadline for filing proofs of claim and may constitute an informal proof of claim. In order for the Complaint to be considered an informal proof of claim:

> (1) [T]he claim must be in writing; (2) the writing must contain a demand by the creditor on the debtor's estate; (3) the writing must evidence an intent to hold the debtor liable for such debt; (4) the writing must be filed with the bankruptcy court; and (5) based upon the facts of the case, allowance of the claim must be equitable under the circumstances.[5]

The claim was in writing, filed with the Bankruptcy Court, contained a demand, and an intent to hold Mr. Seuzeneau's estate liable for damages in the amount of $39,950. The remaining factor

---

[3] Pl. 11.

[4] Pl. 1.

[5] *In re Whitaker Construction Co., Inc.*, 439 F.3d 212, 220 (5th Cir. 2006).

to be determined is whether based upon the facts, the allowance of the claim is equitable.

"[T]he rules of equity require being flexible with regard to form when justice requires." Prior to the filing of the bankruptcy, Ms. Zimmerman obtained a judgment against Mr. Seuzeneau for an amount substantially in excess of the costs to repair. In addition, Mr. Seuzeneau scheduled Mrs. Zimmerman as a creditor in an amount in excess of her judgment. Notices of the filing of the petition and deadlines were forwarded to Mrs. Zimmerman in care of two (2) legal representatives, neither of whom were her counsel in this case. Given that the claims of Ms. Zimmerman were known to Mr. Seuzeneau, and that the adversary Complaint was filed prior to the deadline for filing proofs of claim, the Court finds that equity warrants accepting her Complaint as an informal proof of claim.

### B. Dischargeability

#### 1. Fraud or Misrepresentation - Section 523(a)(2)(A)

In order for the Court to find Ms. Zimmerman's claim nondischargeable pursuant to section 523(a)(2)(A), she must prove by a preponderance of evidence[6] that: (1) Mr. Seuzeneau made a representation; (2) Mr. Seuzeneau knew the representation was false; (3) the representation was made with the intent to deceive Ms. Zimmerman; (4) Ms. Zimmerman actually and justifiably relied on the representation; and (5) Ms. Zimmerman sustained a loss as a proximate result of their reliance.[7]

---

[6] *Harrell v. Dept. of Health and Hospitals, et al*, 48 So.3d 297, 301, 2010-0281 (La.App. 1 Cir. 2010).

[7] *General Electric Capital Corp. v. Acosta (In re Acosta)*, 406 F.3d 367, 372 (5th Cir. 2005).

> Debts that satisfy the third element, the scienter requirement, are debts obtained by frauds involving "moral turpitude or intentional wrong, and any misrepresentations must be knowingly and fraudulently made." *In re Martin,* 963 F.2d 809, 813 (5th Cir.1992). An intent to deceive may be inferred from "reckless disregard for the truth or falsity of a statement combined with the sheer magnitude of the resultant misrepresentation." *In re Norris,* 70 F.3d 27, 30 n. 12 (5th Cir.1995), citing *In re Miller,* 39 F.3d 301, 305 (11th Cir.1994). [8]

The Court finds Ms. Zimmerman's testimony at trial credible, and Mr. Seuzeneau did not refute her testimony. The Court finds that Mr. Seuzeneau knowingly misrepresented to Ms. Zimmerman that the contract was substantially completed. Although Ms. Zimmerman's Complaint alleged other items of damage, these were not proven at trial. He intended to deceive Ms. Zimmerman in order to induce her to pay the amount due under the contract. Ms. Zimmerman relied on Mr. Seuzeneau's representation, and because of Ms. Zimmerman's advanced age, 73 years old, her reliance was justifiable. Although significant work remained outstanding, Mr. Seuzeneau did not return after Gustav to complete the job nor did he respond to Ms. Zimmerman's attempts to communicate with him. As a result of Mr. Seuzeneau's misrepresentation, Mrs. Zimmerman was required to pay an additional $39,950 for work to her home covered by the contract with Mr. Seuzeneau. This is also the loss suffered by Ms. Zimmerman as a proximate cause of Mr. Seuzeneau's misrepresentation, and the amount nondischargeable pursuant to section 523(a)(2)(A).[9]

---

[8] *Id.*

[9] The total nondischargeable amount is the amount proximately caused by misrepresentation. *Kleppinger v. Rollins (In re Rollins)*, 2007 WL 2319778, *10, (Bankr.E.D.La. 2007).

### 2. Fraud or Defalcation while Acting as a Fiduciary, Embezzlement, Larceny - Section 523(a)(4)

### (a) Fraud or Defalcation while Acting as a Fiduciary

A contractor is not a fiduciary of the homeowner.[10] Therefore, Ms. Zimmerman's allegation under section 523(a)(4) fails.

### (b) Embezzlement

"Embezzlement" for the purposes of section 523(a)(4) is the "fraudulent appropriation of property by a person to whom such property has been entrusted, or into whose hands it has lawfully come."[11]

> A creditor proves embezzlement by showing that he entrusted his property to the debtor, the debtor appropriated the property for a use other than that for which it was entrusted, and the circumstances indicate fraud.[12]

"To meet the definition of 'embezzlement,' there must be proof of the debtor's fraudulent intent in taking the property."[13]

> "Generally, when there is no security interest involved, monies received by a debtor belong to the debtor and their subsequent use by a debtor is not considered embezzlement" so that, "[i]n the absence of an identifiable fund of cash belonging to the *creditor*, a court is left with a simple breach of contract which is dischargeable."[14]

---

[10] *Matter of Angelle*, 610 F.2d 1335 (5th Cir. 1980).

[11] *Miller v. J. D. Abrams, Inc. (In re Miller)*, 156 F.3d 598, 602 (5th Cir. 1998) (citations omitted), *cert. denied*, 119 S. Ct. 1249, L.Ed.2d 347 (U.S. 1999).

[12] *Brady v. McAllister (In re Brady)*, 101 F.3d 1165, 1173 (6th Cir. 1996).

[13] *Miller*, 156 F.3d at 602, *citing Brady v. McAllister (In re Brady)*, 101 F.3d 1165, 1173 (6th Cir. 1996); *In re Sokul*, 170 B.R. 556, 560 (Bankr.S.D.N.Y. 1994); and *cf. Coburn Co. v. Nicholas*, 956 F.2d 110, 111 (5th Cir. 1992).

[14] *In re Dorado*, 400 B.R. 304, 310 (Bankr.D.N.M. 2008) (citations omitted).

Mr. Seuzeneau took money in payment. He was not entrusted to keep the money for Ms. Zimmerman. The Court finds that Mr. Seuzeneau is not guilty of embezzlement.

### (c) Larceny

"Larceny for purposes of § 523(a)(4) requires proof that the debtor wrongfully and with fraudulent intent took property from its rightful owner."[15] "Larceny is commonly understood to be synonymous with theft."[16] "[I]n larceny the felonious intent must have existed at the time of the taking."[17] In this case, Ms. Zimmerman failed to allege or prove that any property was stolen by Mr. Seuzeneau. Instead, the grounds of her Complaint are based on breach of contract.

### 3. Willful and Malicious Injury - Section 523(a)(6)

"An injury is 'willful and malicious' where there is either an objective substantial certainty of harm or a subjective motive to cause harm."[18] Mr. Seuzeneau failed to return to the job after final payment was received, failed to respond to Mrs. Zimmerman's calls, or otherwise explain why the job was not finished. The Court finds that he had no intention of completing the contract. Mr. Seuzeneau's misrepresentation that the repairs were complete and acceptance of payment for them was substantially certain to cause harm to Ms. Zimmerman. Therefore the Court finds that intended to cause willful and malicious injury to Ms. Zimmerman.

---

[15] *McDowell v. McDowell (In re McDowell)*, 2010 WL 3790318, *8 (Bankr.E.D.Tenn. 2010), quoting *Morganroth & Morganroth, PLLC v. Stollman (In re Stollman)*, 404 B.R. 244, 271 (Bankr.E.D.Mich. 2009).

[16] *Id.*

[17] *In re Adams*, 348 B.R. 368, 373 (Bankr.E.D.La. 2005) (citations omitted).

[18] *Miller*, 156 F.3d at 606.

**IV. Conclusion**

For the reasons assigned above, this Court finds that Ms. Zimmerman has an informal proof of claim in the amount of $39,950, the total amount of which is nondischargeable. The Court will enter a separate Order in accord with this Opinion.

New Orleans, Louisiana, December 15, 2011.

                                        Hon. Elizabeth W. Magner
                                        U.S. Bankruptcy Judge